```
       IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

         MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


ALGOMA PROPERTIES, LLC;       )
et al.,                       )
                              )
      Plaintiffs,             )
                              )    CIVIL ACTION NO.
      v.                      )      2:10cv582-MHT
                              )          (WO)
JAMES W. PURCELL; et al,      )
                              )
      Defendants.             )
```

                         OPINION AND ORDER

Plaintiffs Algoma Properties, LLC, Lanier J. Edwards and Michael Dixon brought this lawsuit in state court, charging that defendant James W. Purcell, a manager of Algoma Properties, intentionally violated his fiduciary duties and his duties of loyalty, good faith, and fair dealing, and intentionally engaged in and committed an attempted wrongful squeeze-out to the detriment of the other members and managers of Algoma Properties. The plaintiffs also charged several other defendants with conspiring to assist Purcell in the breach of his duties and in the commission of the tort of squeeze-out. The

defendants removed this lawsuit under 28 U.S.C. §§ 1332, 1441 & 1446 (first paragraph), based on diversity-of-citizenship jurisdiction.  The lawsuit is now before the court on the plaintiffs' motion to remand contending that the diverse-citizenship requirement is lacking.  Because the diverse-citizenship requirement is not met, the remand motion must be granted.

To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  Because of the "complete diversity" rule, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806) (under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant), the allegations must show that the citizenship of each plaintiff is different from that of each defendant, see 28 U.S.C. § 1332; see also 2 James

Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

As this court explained previously in its order calling on the removing defendants to amend the notice of removal to allege jurisdiction sufficiently, Order of July 16, 2010 (doc. no. 5), the removing defendants' notice is insufficient because it does not indicate adequately the citizenship of a party that is a 'limited liability company': Algoma Properties.  "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).  The removing defendants' notice, therefore, should have alleged "the citizenships of all the members of the limited liability company." Id.  The court's prior order stated that the removing defendants had until August 13, 2010, to amend the notice of removal to allege jurisdiction sufficiently, "otherwise this lawsuit shall

3

be remanded to state court." Order of July 16, 2010 (doc. no. 5). The removing defendants have not amended the notice of removal.

Moreover, in this case, the plaintiffs named BJB Canada Ventures, LLC as a necessary party defendant. BJB is a member of Algoma Properties and, according to the removing defendants, a citizen of Illinois. Based upon this representation, Algoma Properties is also a citizen of Illinois because its member, BJB, is a citizen of Illinois. Therefore, complete diversity is lacking, and there is no federal jurisdiction in this matter.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs Algoma Properties, LLC, Lanier J. Edwards and Michael Dixon's motion for remand (doc. no. 7) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama, for want of subject-matter jurisdiction.

**The clerk of this court is DIRECTED to take appropriate steps to effect the remand.**

**DONE, this the 18th day of August, 2010.**

                                               **/s/ Myron H. Thompson**
                                        **UNITED STATES DISTRICT JUDGE**